﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200811-103141
DATE: November 30, 2020

REMANDED

Entitlement to service connection for hypertension is remanded.

REASONS FOR REMAND

The Veteran served on active duty from October 1961 to November 1963. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal of a June 2020 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) that continued the denial of service connection for hypertension. Therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 

In the VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), the Veteran elected the Direct Review option; therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

The June 2020 rating decision found that new and relevant evidence had been received to readjudicate the claim of service connection for hypertension. This is a favorable finding by the agency of original jurisdiction (AOJ) and the Board will proceed to the address the claim on the merits. See 38 U.S.C. § 5104A; 38 C.F.R. § 3.104(c). 

Additionally, the Board notes that the June 2020 rating decision included favorable findings that the Veteran has been diagnosed with hypertension as indicated in the June 2020 VA examination report. Additionally, the AOJ found that the claimed hypertension disability is a chronic disease which may be presumptively linked to the Veteran’s military service and also found that the Veteran has sufficient service to meet the minimum requirements for presumptive service connections since he served at least 90 days of active duty and separated under honorable conditions. The Board is bound by all favorable findings.

This appeal has been advanced on the Board’s docket pursuant to 38 U.S.C. § 7107 (a)(2) and 38 C.F.R. § 20.902(c).

Entitlement to service connection for hypertension is remanded.

The Veteran asserts that he is entitled to service connection for his hypertension disability. The Veteran states that during his pre-induction examination in September 1961, he denied a history of high or low blood pressure and in October 1963 during his separation examination he replied “yes” to the report of medical history inquiry for high or low blood pressure based on his in-service treatment for high blood pressure. Additionally, the Veteran asserts that he was treated for high blood pressure within one year of his separation from service. He contends that during his time as an engineer for Southern Bell, he was referred to the company nurse for regular checks of his blood pressure because of high readings. The Veteran noted that although he attempted to obtain copies of these records, the company no longer has these records because they were destroyed at some point. The Veteran also noted that he furnished a complete copy of his service treatment records which were not previously associated with the claims file at the time that his claim was first decided. See VA Form 21-0958, Notice of Disagreement received March 2019; see also Correspondence received by the Board in April 2020. The Veteran also set forth contentions of having high blood pressure upon separation of service and within a year of service which he states was confirmed by a company nurse at Southern Bell in an August 2017 statement. See August 2017 Lay Statement; see also April 2020 Lay Statement. 

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303 (a). Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004; 38 C.F.R. § 3.303. For some disabilities, VA may presume a nexus between an in-service incurrence or event and a current disability provided there is a showing of continuity of symptomatology. 38 C.F.R. §§ 3.303 (b), 3.309(a). VA must consider all lay and medical evidence of record. 38 U.S.C. § 1154 (a); 38 U.S.C. § 5107; 38 C.F.R. § 3.303. Laypeople are competent to report symptoms and experiences observable by their senses. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); 38 C.F.R. § 3.159(a).

The Board notes that the Veteran’s September 1961 pre-induction service treatment examination is silent for any complaints, treatment, or symptoms related to high blood pressure. The Board notes that this service treatment record (STR) which is stamped October 1961 states that the Veteran’s blood pressure measurement is 158/84. The Veteran’s October 1963 separation Medical Examination notes the Veteran’s blood pressure as 130/86, and the Veteran marked “yes” to experiencing high or low blood pressure on his separation Report of Medical History. See medical service treatment records received by the Board in January 2018. 

The Veteran was afforded a VA examination in June 2020 in relation to his hypertension claim. The examiner noted that the Veteran has a diagnosis of hypertension and takes prescribed medication to treat this disability. The examiner opined that the Veteran’s hypertension disability was less likely than not incurred in or caused by an in-service injury, event, or illness. As rationale, the examiner stated that there was no objective medical evidence of hypertension during service. The examiner noted that in October 1961 the Veteran had an isolated elevated blood pressure reading of 158/74 and concluded that the Veteran did not meet the criteria for a diagnosis of hypertension during service. 

The Board initially notes that the examiner’s assessment of the blood pressure reading is inadequate as the reading of the Veteran’s pressure for the October 1961 record is incorrectly noted as 158/84 instead of 158/74. Thus, the examiner’s June 2020 opinion is based on inaccurate factual information that was used to support a finding that the Veteran did not have hypertension while in service. An adequate medical opinion must be based upon a consideration of the Veteran’s prior medical history and must describe the Veteran’s condition in sufficient detail so as to allow the Board to make a fully informed evaluation. Ardison v. Brown, 6 Vet. App. 405, 407 (1994). In short, an adequate medical opinion should contain sufficient information such that the Board is not required to rely on its own independent medical judgment. Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007). A medical opinion based on an inaccurate factual premise must be dismissed as non-probative. See Reonal v. Brown, 5 Vet. App. 458, 460-61 (1993) (medical opinion based on inaccurate factual premise may properly be rejected as non-probative).

Moreover, the Board finds that the June 2020 examiner based her opinion on the absence of evidence of hypertension in service. A medical opinion based solely on the absence of documentation in the record is inadequate and a medical opinion is inadequate if it does not take into account the Veteran’s reports of symptoms and history (even if recorded in the course of the examination). Dalton v. Peake, 21 Vet. App. 23 (2007). The Board finds that the examination report does not reflect any solicitation, documentation, or consideration of the Veteran’s own history of his claimed hypertension disability. Moreover, there is no evidence that the examiner considered the Veteran’s lay statement regarding the onset of his hypertension disability or the service treatment record (October 1963 separation examination and report of medical history) that indicated that the Veteran experienced high or low blood pressure in service when rendering the June 2020 medical opinion. For an opinion to be adequate, it must include consideration of the Veteran’s statements, be based on accurate factual premises, and contain a rationale sufficient to support its conclusions. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). VA must consider all lay and medical evidence of record. 38 U.S.C. § 1154(a); 38 U.S.C. § 5107; 38 C.F.R. § 3.303. The Board thus concludes that the June 2020 VA examination is not adequate for adjudicative purposes, and was not adequate for adjudicative purposes at the time of the AOJ decision on appeal. The decision on appeal, dated in June 2020, should have recognized that the June 2020 VA opinion was inadequate and therefore triggered the need for an additional VA opinion. Thus, failure to obtain an adequate VA examination is deemed pre-decisional error. Therefore, this matter should be remanded to obtain an expert medical opinion which reflects consideration of all available evidence, including service treatment records and lay statements as to the onset of the Veteran’s hypertension disability.

The matters are REMANDED for the following action:

1. The examiner who provided the June 2020 examination and opinion, or a qualified substitute if she is unavailable, should provide an addendum opinion with regard to the hypertension disability claim. The electronic claims file must be made accessible to the examiner for review in connection with the examination. The examiner should provide an opinion as to whether it is: 

a. At least as likely as not (a 50 percent probability or greater) that the Veteran’s hypertension disability had its onset in service. 

The examiner must consider and address the notation in the Veteran’s October 1963 separation Report of Medical History which indicates that the Veteran affirmatively stated that he experienced high or low blood pressure upon separation. The examiner must also consider and address the October 1963 separation examination that recorded the Veteran’s blood pressure reading as 130/86. The examiner should note that the October 1961 service treatment record states that the Veteran’s blood pressure reading is 158/84 (not 158/74) as stated by the June 2020 VA examiner. 

The examiner should consider this and all other recorded blood pressure readings documented in the Veteran’s medical records when rendering his/her opinion.

b. At least as likely as not (a 50 percent probability or greater) that the Veteran’s hypertension disability had its onset within a year of separation from service. 

The examiner must consider and address all lay statements set forth by the Veteran, including that the Veteran sought ongoing treatment for hypertension by a company nurse at Southern Bell within one year of leaving active duty service.

c. At least as likely as not (a 50 percent probability or greater) that the Veteran’s hypertension disability is otherwise etiologically related to active service. 

The examiner is advised that the absence of contemporaneous records showing complaints of or treatment for a hypertension disability, alone, is insufficient rationale for a medical nexus opinion.

In providing this opinion, the examiner is reminded that the Veteran is competent to report continuous symptoms since service, and such reports must be specifically acknowledged and considered in formulating any opinion. If the examiner rejects the Veteran’s reports regarding current or past symptoms, the examiner must provide a reason for doing so.

Rationale for all requested opinions shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s). 

 

Tiffany Dawson

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Dorsey-Kwansa, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.